**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| In re:<br><br>Terry L. Greenier,<br><br>Debtor | Chapter 7<br>Case No. 25-10013 |

**ORDER OVERRULING CHAPTER 7 TRUSTEE'S OBJECTION TO CLAIM OF SHERRI L. DEMERCHANT (CLAIM NO. 1)**

The chapter 7 trustee has objected to a claim filed in this case by Sherri L. Demerchant [Dkt. No. 33]. The trustee contends that Ms. Demerchant's claim lies solely against an entity other than the debtor. For reasons discussed below, the trustee's objection is overruled, and Ms. Demerchant's claim is allowed as filed.

Using the official proof-of-claim form, Ms. Demerchant timely filed a $12,800 claim, which she designated as an unsecured claim entitled to priority under 11 U.S.C. § 507(a)(4) based on "[u]npaid wages" [Claim No. 1]. The form is signed by Ms. Demerchant's attorney. Some supporting documents are attached to the form, including: (1) a pay stub with references to "T & G LLC" and "I Care Pharmacy"; (2) excerpts from "I Care Pharmacy" employment policy documents; and (3) screenshots of a text message exchange with "Terry"—seemingly the debtor in this case, Terry L. Greenier.

"A proof of claim signed and filed in accordance with the[] rules is prima facie evidence of the claim's validity and amount." Fed. R. Bankr. P. 3001(f). Ms. Demerchant's proof of claim appears to comply with the rules. *See, e.g.*, Fed. R. Bankr. P. 3001(a)-(c). The trustee does not contend otherwise.

The trustee focuses his objection on the claim's validity.[1] As indicated above, based on her proof of claim, Ms. Demerchant's claim is presumptively valid. To overcome that presumption, the trustee would need to support his objection with substantial evidence. *See* In re Hemingway Transp., Inc., 993 F.2d 915, 925 (1st Cir. 1993). He has not, however, met this burden.

In his objection, the trustee states that, "[b]efore filing for bankruptcy individually" the debtor "was an owner of an operating business, T&G LLC d/b/a I Care Pharmacy[.]" He then asserts that "the documents filed in support of [Ms.] Demerchant's claim indicate that her relationship was with [that business], not the [d]ebtor." The trustee also offers that "the [d]ebtor did not personally employ [Ms.] Demerchant" and did not "sign a personal guarantee for wages of T&G LLC's employees."[2] The trustee thus contends that the business alone must owe any debt to Ms. Demerchant. That is, the trustee contends that the debtor cannot be personally liable for any such debt. The trustee's argument falters, however, due to lack of detail.

As an initial matter, the trustee does not specify when the debtor "was an owner"—other than to indicate that the ownership interest existed at some point before this bankruptcy case began. He also does not specify what became of the debtor's interest and of the business itself and the timeline for those events. Such information could matter because it is not impossible, in the process of winding up a limited liability company under state law, for a member to become

---

[1] He does not expressly challenge or develop any argument about the amount.

[2] The trustee offers no factual support for the legal conclusion that the debtor never personally employed Ms. Demerchant. As to the trustee's assertion that the debtor never signed a personal guarantee, accepting that assertion as true for the purpose at hand would not alter the outcome discussed below.

personally liable for certain claims against the LLC (even while the LLC still technically exists). *See, e.g.*, Me. Rev. Stat. Ann. tit. 31, §§ 1596, 1600(4)(B).[3]

The papers filed by the debtor in this case are of no help to the trustee here. On his bankruptcy petition, the debtor listed "FDBA T & G, LLC" and "FDBA I Care Pharmacy" as the other names that he had used at some point in the preceding eight years. The petition's prompt for such information says to include "trade names and doing business as names" (italics omitted) but cautions: "Do NOT list the name of any separate legal entity such as a corporation, partnership, or LLC that is not filing this petition." The debtor further indicated that, when he filed his petition, he was no longer doing business under those names (or any others), by selecting "no" as to whether he was a sole proprietor.[4] On his schedule of assets, the debtor also selected "no" as to whether he had interests in any business that existed as a separate entity and "no" as to whether he had any interest in business-related property.

On his statement of financial affairs, the debtor disclosed that he had been a member of a limited liability company or limited liability partnership at some point in the preceding four years. He then provided details for what he listed as two separate businesses: "T & G, LLC" (described as a "pharmacy") and "I Care Pharmacy" (described as a "Mail Order Pharmacy"). As to T & G, the debtor did not provide an employee identification number (EIN) or any dates for when that business existed. As to I Care Pharmacy, he provided an EIN and listed April 20,

---

[3] The Court has followed the parties' lead in their apparent assumption that Maine state law applies and that the relevant type of entity is an LLC.

[4] The petition describes "[a] sole proprietorship" as "a business you operate as an individual, and is not a separate legal entity such as a corporation, partnership, or LLC."

2007, through August 30, 2024, as the dates that the business existed—indicating that that business ended several months before the debtor filed his bankruptcy petition in January 2025.[5]

As suggested above, none of these disclosures by the debtor (all made under the possible penalty of perjury) provide the necessary data that is missing from the trustee's argument. And none of the disclosures tend to foreclose the possibility alluded to above—that in the process of winding up the business(es) the debtor became personally liable for certain claims against the LLC(s) , including Ms. Demerchant's claim.[6] Moreover, as to the trustee's assertions that the debtor never personally employed Ms. Demerchant and never signed a personal guarantee as to the wages, those contentions (assuming they are correct) do not foreclose the possibility that the debtor became personally liable for Ms. Demerchant's claim and do not otherwise compel the conclusion that the debtor could never be liable for that claim.

At a preliminary hearing on the trustee's objection, the trustee conveyed that, due to limited resources in the bankruptcy estate, he would not be seeking an evidentiary hearing on this matter, as he wished to avoid a protracted dispute. This may be a reasonable position to adopt in the circumstances of this chapter 7 case. However, a consequence of adopting this position is

---

[5] The late August 2024 timeframe generally corresponds to the timeframe indicated by the pay stub and then the text message exchange attached to Ms. Demerchant's proof-of-claim form.

[6] As an aside, certain statements by Ms. Demerchant that relate to the state's law on LLCs appear to be misguided and, if left unaddressed, might leave the parties puzzled about this conclusion. For example, seemingly relying on publicly available information from a state database, Ms. Demerchant suggests that an LLC in question remained "active" and "in force" until being administratively dissolved at some point after the debtor filed his bankruptcy petition [Dkt. No. 36, ¶¶ 7, 32]. But that suggestion does not account for the possibility of the LLC having been dissolved (other than administratively) earlier—perhaps due to events that would not necessarily be publicly reported, *e.g.*, Me. Rev. Stat. Ann. tit. 31, § 1595(1)(A)-(C). Nothing under state law would obviously prevent an LLC's dissolution via multiple overlapping mechanisms. Further, contrary to Ms. Demerchant's contention, dissolution does not end an LLC's existence. *See, e.g.*, Me. Rev. Stat. Ann. tit. 31, §§ 1533(2), 1592(3), 1593(4), 1595(1), 1596(1). In any event, as indicated, the end of an LLC's existence is not required for a member, in the process of winding up the business, to become personally liable for certain claims.

that the trustee cannot, on the sparse record here, overcome the presumption that Ms. Demerchant's claim is valid. That is, the record lacks substantial evidence that Ms. Demerchant's claim is only against an entity other than the debtor—or, put another way, that her claim cannot be against the debtor. Accordingly, the trustee's objection to Ms. Demerchant's claim is overruled, and her claim is allowed as filed. *See* 11 U.S.C. § 502(b).

Dated: September 18, 2026

Michael A. Fagone
United States Bankruptcy Judge
District of Maine